■ KIMBERLY GOLDBERG et al., Appellants, v JAMES MICHAEL LENIHAN et al., Defendants, and MATTHEW R. KREINCES et al., Respondents. [832 NYS2d 68]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Bellantoni, J.), dated December 6, 2005, which granted the motion of the defendants Matthew R. Kreinces and Katz & Kreinces, LLP, for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court dated January 13, 2006, which, upon the order, is in favor of the defendants Matthew R. Kreinces and Katz & Kreinces, LLP, and against them, dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"In order to establish a cause of action to recover damages for legal malpractice, a plaintiff must prove that (1) the attorney failed to exercise the care, skill, and diligence commonly possessed by a member of the legal profession, (2) the attorney's conduct was a proximate cause of the loss sustained, (3) the plaintiff suffered actual damages as a direct result of the attorney's actions or inaction, and (4) but for the attorney's negligence, the plaintiff would have prevailed in the underlying action" (*Moran v McCarthy, Safrath & Carbone, P.C.*, 31 AD3d 725, 725 [2006] [internal quotation marks omitted]; *Lichtenstein v Barenbaum*, 23 AD3d 440, 440 [2005]; *Pistilli v Gandin*, 10 AD3d 353, 354 [2004]). "For a defendant in a legal malpractice case to succeed on a motion for summary judgment, evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of the essential elements" (*Moran v McCarthy, Safrath & Carbone, P.C., supra* at

725-726 [internal quotation marks omitted]; *Pistilli v Gandin,
supra* at 354).

The defendants Matthew R. Kreinces and Katz & Kreinces,
LLP (hereinafter collectively the defendants), demonstrated
their prima facie entitlement to judgment as a matter of law by
presenting evidence that Matthew R. Kreinces was not negligent
in rendering legal services for the benefit of the plaintiffs in the
underlying action and that, in any event, any negligence on his
part was not a proximate cause of any loss to the plaintiffs. In
rebuttal, the plaintiffs failed to raise a triable issue of fact.

Since the plaintiffs failed to raise a triable issue of fact as to
an essential element of their legal malpractice claim, the
Supreme Court properly granted the defendants' motion for
summary judgment dismissing the complaint insofar as asserted
against them.

The plaintiffs' remaining contentions need not be addressed
or are improperly raised for the first time on appeal (*see Ali v
Ahmad*, 24 AD3d 475, 476 [2005]). Miller, J.P., Schmidt, Ritter
and Angiolillo, JJ., concur.