Bennett A. Cohen, Respondent-Appellant, v Wallace & Minchenberg et al., Appellants-Respondents, et al., Defendants.
[835 NYS2d 285]—

In an action to recover damages for legal malpractice, the defendants Wallace & Minchenberg, Fred Wallace, individually and as a member of Wallace & Minchenberg, and Alfred Minchenberg, individually and as a member of Wallace & Minchenberg, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated February 2, 2005, as denied that branch of their motion which was for summary judgment dismissing the first and second causes of action in the complaint insofar as asserted against them, and the plaintiff cross-appeals from so much of the same order as granted that branch of the motion of the defendants Wallace & Minchenberg, Fred Wallace, individually and as a member of Wallace & Minchenberg, and Alfred Minchenberg, individually and as a member of Wallace & Minchenberg, which was for summary judgment dismissing the third cause of action in the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellants-respondents' motion which was for summary judgment dismissing the first and second causes of action in the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the appellants-respondents.

To prevail in a legal malpractice action, the plaintiff must establish that the defendant failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by the plaintiffs, and that, but for the defendant's negligence, the plaintiffs would have been successful in the underlying action (see Svigals v Hopgood, Calimafde, Kalil & Judlowe, 256 AD2d 460, 460 [1998]; Logalbo v Plishkin, Rubano & Baum, 163 AD2d 511, 513 [1990]). The plaintiff allegedly was injured in several elevator accidents at his place of employment. An action to recover damages for personal injuries was commenced against the companies that maintained the elevators. In the instant action, the complaint alleges, inter alia, that the defendants Wallace & Minchenberg, Fred Wallace, individually and as a member of Wallace & Minchenberg, and Alfred Minchenberg, individually and as a member of Wallace & Minchenberg (hereinafter the

defendants), the attorneys who commenced the underlying personal injury action, committed legal malpractice by failing to properly prosecute the action.

The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's first cause of action, which was to recover damages for legal malpractice based on the defendants' alleged failure to properly prosecute an action commenced to recover damages for injuries he suffered in accidents which took place in February 1989, March 1989, and February 1990. The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing this cause of action by establishing that the plaintiff could not have prevailed in that underlying action. Specifically, the defendants proved that the plaintiff was unable to show that the maintenance companies had either actual or constructive notice of the alleged dangerous condition related to the elevators. Therefore, the plaintiff could not have established a prima facie case of negligence against the maintenance companies (*see Petro v New York Life Ins. Co.*, 277 AD2d 213, 214 [2000]; *Farmer v Central El.*, 255 AD2d 289, 289-290 [1998]). The plaintiff failed to raise a triable issue of fact in opposition to the motion.

Furthermore, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's second cause of action. The defendants established, prima facie, that the second cause of action, which was to recover damages for legal malpractice based on their alleged failure to commence an action to recover damages for injuries the plaintiff suffered in a February 1992 elevator accident, was untimely. Pursuant to CPLR 214 (6), an action to recover damages for legal malpractice must be commenced within three years of the accrual of the claim. A claim to recover damages for legal malpractice accrues when the malpractice is committed, not when it is discovered (*see Kahn v Hart*, 270 AD2d 231 [2000]; *Tal-Spons Corp. v Nurnberg*, 213 AD2d 395, 396 [1995]). Here, the legal malpractice complained of in the second cause of action was committed no later than February 1995, when the statute of limitations ran on the plaintiff's cause of action to recover damages for the injuries suffered in the February 1992 accident. The plaintiff did not commence the instant action until July 2002, well beyond the three-year limitations period for legal malpractice. In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to the timeliness of his second cause of action.

The plaintiff's remaining contention is without merit. Crane, J.P., Ritter, Lunn and Covello, JJ., concur.