■ ELIZABETH LAMANNA, Respondent, v PEARSON & SHAPIRO et al., Appellants. [843 NYS2d 143]—

In an action to recover damages for legal malpractice, the

defendants appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered September 19, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]; *Cohen v Wallace & Minchenberg*, 39 AD3d 691 [2007]; *Goldberg v Lenihan*, 38 AD3d 598 [2007]; *Shopsin v Siben & Siben*, 268 AD2d 578 [2000]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442).

In order for a defendant in a legal malpractice action to successfully move for summary judgment dismissing the complaint, the defendant must present evidence in admissible form establishing that the plaintiff is unable to prove at least one essential element (*see Goldberg v Lenihan*, 38 AD3d at 598; *Fasanella v Levy*, 27 AD3d 616 [2006]). The plaintiff alleges, inter alia, that the defendants failed to take an administrative appeal from an adverse determination of the Equal Employment Opportunity Commission (hereinafter the EEOC) made in a proceeding they commenced on her behalf and that but for their negligence, she would have prevailed on her administrative appeal or would have been successful in pursuing her discrimination claims in federal court. In support of their motion, the defendants failed to proffer sufficient evidence to establish, prima facie, that the plaintiff would not have been successful in an appeal from the EEOC determination or that they had properly preserved her right to seek review of her claims in federal court.

The defendants' failure to make a prima facie showing required the denial of the motion, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the motion for summary judgment was properly denied (*see Suydam v O'Neill*, 276 AD2d 549, 550 [2000]). Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.