■ Ioanis Mavroudes et al., Respondents, v Cronin & Byczek, LLP, Appellant. [847 NYS2d 591]—

In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated November 20, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Ioanis Mavroudes (hereinafter the injured plaintiff) was injured in a collision on the Brooklyn-Queens Expressway on February 22, 2000. Thereafter, the defendant law firm, Cronin & Byczek, LLP, represented the injured plaintiff and his wife, suing derivatively, in an action against the tortfeasors. In that action, which was commenced more than a year after the accident, the plaintiffs were required to establish that the injured plaintiff sustained a "serious injury" as defined by Insurance Law § 5102 (d). An attorney from the defendant law firm verified the complaint. In 2002, approximately one year after the action was commenced, the tortfeasors' insurance carrier settled the action for the limits of their policy. The defendant failed to notify the plaintiffs' insurance carrier, Nationwide Insurance Company (hereinafter Nationwide), of the settlement and obtain its consent to the settlement, as required under the supplemental underinsured motorist (hereinafter SUM) endorsement to the plaintiffs' policy. After the settlement, the plaintiffs sought benefits under that endorsement, but Nationwide disclaimed coverage because it had not been notified of the settlement and it had not consented to it. After Nationwide successfully sought a permanent stay of arbitration based on the lack of notice or consent, the plaintiffs commenced this action against the defendant to recover damages for legal malpractice. The defendant sought summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and thus, he could not have obtained SUM benefits under his endorsement, which required proof of a serious injury. The Supreme Court denied the defendant's motion. We affirm.

To prevail on a claim alleging legal malpractice, a plaintiff

must establish that the attorney "failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (*Lamanna v Pearson & Shapiro*, 43 AD3d 1111, 1112 [2007]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). The defendant's motion for summary judgment was based on its contention that, because the injured plaintiff did not sustain a serious injury under Insurance Law § 5102 (d), he could not have recovered under his SUM endorsement. Consequently, the defendant argues that its admitted failure to notify Nationwide of the settlement against the tortfeasors and obtain its consent did not proximately cause the plaintiffs to suffer any damages, namely, lost benefits under that endorsement.

The defendant failed to establish, prima facie, that the injured plaintiff did not sustain a serious injury as a result of the accident and, consequently, its motion for summary judgment was properly denied (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Bentivegna v Stein*, 42 AD3d 555 [2007]; *Perrotta v Bambury*, 41 AD3d 572, 572-573 [2007]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437, 438 [1996]; *cf. Raffellini v State Farm Mut. Auto. Ins. Co.*, 9 NY3d 196 [2007]). We note that the reports upon which the defendant relied to establish the injured plaintiff's *lack* of a serious injury predated by a year the defendant's commencement of the action on the plaintiffs' behalf against the tortfeasors, which action was predicated on the *existence* of a serious injury. Such reports predated the defendant's settlement of the action against the tortfeasors for the tortfeasors' policy limits by a period of two years (*see* 22 NYCRR 130-1.1 [c]; 130-1.1a [b]).

Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, denial of the motion was required without regard to the sufficiency of the papers submitted in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Perrotta v Bambury*, 41 AD3d 572, 572-573 [2007]; *Hanna v Alverado*, 16 AD3d 624 [2005]; *Mariaca-Olmos v Mizrhy*, 226 AD2d at 438).

The defendant's remaining contention was raised for the first time in its reply brief on appeal and therefore we do not consider it (*see Katchalova v Perchikov*, 43 AD3d 873, 875 [2007]; *Huron St. Realty Corp. v Lorenzo*, 19 AD3d 450, 452 [2005]). Crane, J.P., Goldstein, Florio and Dillon, JJ., concur.