■ CECILIA TEODORESCU, Respondent, v RESNICK & BINDER, P.C., Appellant. [869 NYS2d 95]—

In an action to recover damages for legal malpractice, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated June 1, 2007, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff slipped on ice on a public sidewalk in front of the George Washington Housing Project in Manhattan, which is owned by the New York City Housing Authority (hereinafter NYCHA). The defendant law firm was retained by the plaintiff approximately three weeks after the accident for "purposes of investigation." The defendant served an untimely notice of claim upon the NYCHA on behalf of the plaintiff, and her complaint against the NYCHA was dismissed upon the denial of her motion for leave to serve a late notice of claim. The plaintiff then commenced this legal malpractice action. The defendant moved for summary judgment dismissing the complaint, arguing that the legal malpractice action should be dismissed because the plaintiff could not have prevailed in the underlying slip-and-fall action. The Supreme Court denied the motion, as it concluded that the evidence was sufficient to raise a triable issue of fact as to whether the NYCHA could have been found liable to the plaintiff on a theory of constructive notice. We reverse.

To prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of that duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442

[2007]). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action, or would not have incurred any damages but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d at 442; *Davis v Klein,* 88 NY2d 1008, 1009-1010 [1996]; *Lamanna v Pearson & Shapiro,* 43 AD3d 1111 [2007]; *Cohen v Wallace & Minchenberg,* 39 AD3d 691 [2007]). A defendant moving for summary judgment in a legal malpractice action must present admissible evidence that the plaintiff cannot prove at least one of the essential elements of a legal malpractice cause of action (*see Levy v Greenberg,* 19 AD3d 462 [2005]; *Crawford v McBride,* 303 AD2d 442 [2003]).

To make out a prima facie case of negligence in a slip-and-fall case involving an accumulation of snow and ice, the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that it had actual or constructive notice thereof (*see Voss v D&C Parking,* 299 AD2d 346 [2002]). To give rise to constructive notice, a defect must be visible and apparent, and exist for a sufficient length of time prior to the happening of an accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *see also Chianese v Meier,* 98 NY2d 270, 278 [2002]). In order to prevail in the underlying action against the NYCHA on a theory of constructive notice, the plaintiff would have had to introduce evidence of the origin of the particular icy condition that caused her to fall (*see Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972 [1994]; *Ciaschi v Taughannock Constr.,* 204 AD2d 883 [1994]). General awareness that snow and ice may be present is legally insufficient to constitute notice of the particular condition that caused the plaintiff's fall (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967 [1994]; *Gloria v MGM Emerald Enters.,* 298 AD2d 355 [2002]).

In the instant case, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff would not have been successful in an action against the NYCHA on a theory of constructive notice. The defendant relied on the plaintiff's deposition testimony, which was insufficient to support her claim that the icy patch where she slipped existed when she traversed that sidewalk the previous evening. The plaintiff could not point out the exact location of her fall other than that it was in the middle of the block in front of the George Washington Housing Project. In opposition to the defendant's motion, the plaintiff failed to raise a triable issue of fact as to whether she could have prevailed against the

NYCHA on a theory of constructive notice. The plaintiff offered only speculation that the ice on which she slipped had to have been a product of the prior snowfalls, which were not properly cleared.

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Mastro, J.P., Lifson, Carni and Eng, JJ., concur.