■ BESSIE CLINKSCALE, Appellant, v GARY SAMPSON, Defendant, and SUSAN SAMPSON et al., Respondents. [904 NYS2d 447]—

In an action, inter alia, to recover damages for wrongful eviction, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 16, 2009, which granted the motion of the defendants Susan Sampson and 1997 Marcy Avenue, Inc., to dismiss the complaint pursuant to CPLR 3211 insofar as asserted against them and, in effect, to vacate a money judgment dated February 9, 2007, pursuant to CPLR 5015 (a) (4) and (5) insofar as it was against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Susan Sampson and 1997 Marcy Avenue, Inc., to dismiss the complaint pursuant to CPLR 3211 insofar as asserted against them and, in effect, to vacate a

money judgment dated February 9, 2007, pursuant to CPLR 5015 (a) (4) and (5) insofar as it was against them is denied.

In 2009, the defendants Susan Sampson and 1997 Marcy Avenue, Inc. (hereinafter together the defendants), moved to dismiss the complaint pursuant to CPLR 3211 insofar as asserted against them and, in effect, to vacate a money judgment dated February 9, 2007, entered in this case, pursuant to CPLR 5015 (a) (4) and (5) insofar as it was against them, arguing, inter alia, that they could not be held liable for the judgment because they were not named parties in an underlying landlord-tenant proceeding in the Civil Court of the City of New York, Kings County, which proceeding served as a factual predicate for the liability portion of the judgment (*see Clinkscale v Sampson*, 2005 WL 6202535 [Sup Ct, Kings County 2005]). The Supreme Court granted the motion to dismiss the complaint and, in effect, to vacate the related judgment insofar as asserted against the defendants. We reverse.

The defendants' motion, inter alia, to dismiss the complaint pursuant to CPLR 3211, was belatedly made almost five years after the service of responsive pleadings and the defendants' waiver of affirmative defenses (*see* CPLR 3211 [e]). Since no extension of time to make the motion to dismiss was requested by the defendants or granted by the court (*see* CPLR 2004), and a money judgment in the action already had been entered, the motion should have been denied as untimely (*see Bennett v Hucke*, 64 AD3d 529 [2009]; *Bowes v Healy*, 40 AD3d 566 [2007]; *Diaz v DiGiulio*, 29 AD3d 623 [2006]; *Continental Info. Sys. Corp. v Mutual Life Ins. Co. of N.Y.*, 77 AD2d 316, 318 [1980]).

The defendants' remaining contentions are without merit. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.