■ JESUS PORTILLA, Respondent, v LAW OFFICES OF ARCIA & FLANAGAN et al., Appellants, et al., Defendant. [977 NYS2d 384]—

In an action to recover damages for legal malpractice, the defendants Law Offices of Arcia & Flanagan, Law Offices of E. Abel Arcia, and Eloy Abel Arcia appeal from an order of the Supreme Court, Queens County (J. Golia, J.), dated July 20, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In an action to recover damages for legal malpractice, a plaintiff must demonstrate that an attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the breach of such duty was the proximate cause of the plaintiff's damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Verdi v Jacoby & Meyers, LLP*, 92 AD3d 771,

772 [2012]; *Goldberg v Lenihan*, 38 AD3d 598 [2007]). Proximate cause is established by showing that the plaintiff would have succeeded in the underlying action or would not have incurred damages but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442). Therefore, for a defendant in a legal malpractice case to succeed on a motion for summary judgment, evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements (*see Verdi v Jacoby & Meyers, LLP*, 92 AD3d at 772; *Goldberg v Lenihan*, 38 AD3d at 598).

Here, the appellants failed to establish their prima facie entitlement to judgment as a matter of law. The appellants, who did not dispute that they were negligent in suing the wrong party, failed to establish, prima facie, that the plaintiff was unable to prove that he would have succeeded in his underlying personal injury action (*see Gamer v Ross*, 49 AD3d 598 [2008]; *J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 14 AD3d 482, 483 [2005]). Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Rivera, Leventhal and Chambers, JJ., concur.