JESUS PORTILLA, Respondent, v LAW OFFICES OF ARCIA & FLANAGAN et al., Appellants, et al., Defendant. [5 NYS3d 142]—

In an action to recover damages for legal malpractice, the defendants Law Offices of Arcia & Flanagan, Law Offices of E. Abel Arcia, and Eloy Abel Arcia appeal from an order of the Supreme Court, Queens County (Hart, J.), entered March 4, 2013, which denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against them, or to compel additional discovery.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was to compel additional discovery, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the respondent.

The Supreme Court properly denied, as untimely, that branch of the appellants' motion which was to dismiss the

complaint pursuant to CPLR 3211 (a) (1) insofar as asserted against them, as it was not made within the time period in which the appellants were required to serve an answer (see CPLR 3211 [e]), and no extension of time to make the motion was requested by the appellants or granted by the court (see CPLR 2004; *Lema v New York Cent. Mut. Fire Ins. Co.*, 112 AD3d 891 [2013]; *Clinkscale v Sampson*, 74 AD3d 721 [2010]; *Bennett v Hucke*, 64 AD3d 529 [2009]; *Bowes v Healy*, 40 AD3d 566 [2007]).

The Supreme Court also properly denied that branch of the appellants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against them. "To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Dempster v Liotti*, 86 AD3d 169, 176 [2011] [internal quotation marks omitted]; *see Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d 812 [2013]; *Held v Seidenberg*, 87 AD3d 616, 617 [2011]). Here, accepting the facts as alleged in the complaint as true and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the complaint alleged sufficient material facts giving rise to a cognizable cause of action to recover damages for legal malpractice.

Moreover, for a defendant in a legal malpractice case to succeed on a motion for summary judgment, evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of the essential elements (*see Verdi v Jacoby & Meyers, LLP*, 92 AD3d 771, 772 [2012]; *Goldberg v Lenihan*, 38 AD3d 598 [2007]). Here, the appellants contend that the alleged breach of duty did not cause the plaintiff damages. However, their submissions failed to eliminate all triable issues of fact with respect to whether the plaintiff sustained damages proximately caused by their alleged malpractice. Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against the appellants.

However, the Supreme Court should have granted that branch of the appellants' motion which was for additional discovery. A court may, in its discretion, grant permission to conduct additional discovery after the filing of a note of issue and certificate of readiness where the moving party demon-

strates that "unusual or unanticipated circumstances" developed subsequent to the filing, requiring additional pretrial proceedings to prevent substantial prejudice (22 NYCRR 202.21 [d]; *see Lopez v Retail Prop. Trust*, 84 AD3d 891 [2011]; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 140 [2000]). Here, the appellants demonstrated the existence of unusual or unanticipated circumstances which warranted granting their request for post-note-of-issue discovery. Accordingly, the Supreme Court should have granted that branch of the appellants' motion. Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.