McGlynn v Burns & Harris (2019 NY Slip Op 02335)





McGlynn v Burns & Harris


2019 NY Slip Op 02335


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-10923
 (Index No. 600930/16)

[*1]William McGlynn, appellant, 
v
Burns & Harris, etc., et al., respondents, et al., defendants.


Shapiro & Coleman, P.C., Mineola, NY (Richard H. Coleman of counsel), for appellant.
Steinberg & Cavaliere, LLP, White Plains, NY (Ronald W. Weiner of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Edward A. Maron, J.), entered September 27, 2016. The order, insofar as appealed from, granted the motion of the defendants Burns & Harris and Allison R. Keenan for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Burns & Harris and Allison R. Keenan for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff commenced this action alleging, inter alia, that the defendants Burns & Harris and Allison R. Keenan (hereinafter together the law firm defendants) committed legal malpractice in the prosecution of an underlying personal injury action. The plaintiff alleged that the failure of the law firm defendants to identify the insurance carriers for the defendants in the underlying action and to provide notice to those insurance carriers of the underlying action resulted in those insurance carriers denying coverage as untimely. In moving for summary judgment dismissing the complaint insofar as asserted against them, the law firm defendants argued that their alleged failure to identify the underlying defendants' insurance carriers did not proximately cause the plaintiff damages because, by the time the law firm defendants were retained, it was too late to provide timely notice of the accident. The Supreme Court granted the law firm defendants' motion, and the plaintiff appeals.
In order to prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (see Mavroudes v Cronin & Byczek, LLP, 45 AD3d 817, 818-819). In order to be entitled to summary judgment, the movant "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853).
Here, the law firm defendants failed to demonstrate, prima facie, the absence of [*2]proximate cause. There are triable issues of fact as to whether the plaintiff could have provided timely notice of the accident after the law firm defendants were retained (see e.g. Soni v Pryor, 139 AD3d 841, 844; Nationwide Mut. Fire Ins. Co. v Maitland, 79 AD3d 1348; Allstate Ins. Co. v Marcone, 29 AD3d 715; Appel v Allstate Ins. Co., 20 AD3d 367). Accordingly, the law firm defendants' motion for summary judgment dismissing the complaint insofar as asserted against them should have been denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court