A & L Vil. Mkt., Inc. v 344 Vil., Inc. (2019 NY Slip Op 02304)





A & L Vil. Mkt., Inc. v 344 Vil., Inc.


2019 NY Slip Op 02304


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-12001
 (Index No. 7722/11)

[*1]A & L Village Market, Inc., respondent,
v
344 Village, Inc., et al., defendants, D'Errico Dreeben, LLP, et al., appellants.


L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Joan Martino of counsel), for appellants.
Andrew J. Levitt, P.C., Melville, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendants D'Errico Dreeben, LLP, and Frank D'Errico appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered October 20, 2016. The order denied those defendants' motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The defendant Frank D'Errico of the defendant law firm, D'Errico Dreeben, LLP (hereinafter together the D'Errico defendants), represented the plaintiff in connection with the sale of its supermarket business to the defendant 344 Village, Inc. (hereinafter the buyer), for the sum of $800,000. To satisfy the purchase price, the buyer executed a promissory note in favor of the plaintiff in the amount of $500,000, and was to pay the balance at closing. In connection with the sale, the plaintiff and the buyer entered into a security agreement granting the plaintiff a security interest in certain equipment listed in the "Schedule" set forth therein (hereinafter the equipment). The buyer also executed a second promissory note in favor of the plaintiff in the amount of $200,000 in connection with the sale of the plaintiff's "dairy, frozen food, meat and produce inventory" (hereinafter the inventory). The buyer allegedly defaulted under the promissory notes by failing to pay the amounts due to the plaintiff beginning in September 2009. In December 2010, the buyer abandoned the supermarket.
In May 2011, the plaintiff commenced this action against, among others, the D'Errico defendants, alleging, inter alia, legal malpractice based on the D'Errico defendants' failure to perfect the plaintiff's security interest in the equipment and inventory by filing a UCC-1 financing statement. The plaintiff alleged that as a result of the D'Errico defendants' negligence, a third party gained a superior security interest "against the collateral identified in the security agreement." The D'Errico defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that their alleged negligence in failing to file the UCC-1 financing statement did not proximately cause the plaintiff's alleged damages. The Supreme Court denied the D'Errico defendants' motion, and the D'Errico defendants appeal.
A plaintiff in an action alleging legal malpractice must prove that the defendant attorney's failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession proximately caused the plaintiff to sustain damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; Sang Seok NA v Schietroma, 163 AD3d 597, 598). To establish proximate causation, the plaintiff must show that she would have prevailed in the underlying action or would not have incurred any damages, but for the defendant attorney's negligence (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; Kluczka v Lecci, 63 AD3d 796, 797).
In order to be entitled to summary judgment, the movant "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). "It is a defendant's burden, when it is the party moving for summary judgment, to demonstrate affirmatively the merits of a defense, which cannot be sustained by pointing out gaps in the plaintiff's proof" (Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871). Once a defendant makes a prima facie showing, the burden shifts to the plaintiff to raise a triable issue of fact requiring a trial (see Valley Ventures, LLC v Joseph Haspel, PLLC, 102 AD3d 955, 956).
Here, the D'Errico defendants do not dispute that they had an attorney-client relationship with the plaintiff and that they failed to perfect the plaintiff's security interest in the equipment and inventory. Moreover, we agree with the Supreme Court's determination that triable issues of fact existed with respect to whether the plaintiff sustained damages proximately caused by the D'Errico defendants' alleged malpractice (see Portilla v Law Offs. of Arcia & Flanagan, 125 AD3d 956, 957; Blanco v Polanco, 116 AD3d 892, 895). Accordingly, we agree with the court's denial of the D'Errico defendants' motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them.
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court