324 [1986]), the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) insofar as asserted against Precision. The Supreme Court also properly denied those branches of Precision's cross motion which were for summary judgment dismissing the causes of action alleging violation of the Labor Law insofar as asserted against it.

Furthermore, since Precision failed to establish, as a matter of law, that any alleged negligence on its part did not contribute to the plaintiff's alleged accident, or that it did not supervise or control the plaintiff's work, that branch of its cross motion which was for summary judgment dismissing the third-party complaint, asserting causes of action by EFI for common-law and contractual indemnification, was properly denied (see Farduchi v United Artists Theatre Circuit, Inc., 23 AD3d 610, 612 [2005]; Kader v City of N.Y., Hous. Preserv. & Dev., 16 AD3d 461, 463 [2005]; Perri v Gilbert Johnson Enters., Ltd., 14 AD3d 681, 684-685 [2005]; Valenti v New York City Tr. Auth., 5 AD3d 473 [2004]). Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.

Motion by the respondent-appellant on an appeal and cross appeal from an order of the Supreme Court, Kings County, dated March 26, 2010, to strike the brief filed by the defendant/third-party defendant-appellant, or, in the alternative, to strike Point III of the brief, on the ground that it improperly raises issues for the first time on the appeal and cross appeal and refers to matter dehors the record. By decision and order on motion of this Court dated October 28, 2010, the motion was held in abeyance and referred to the Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the motion is denied. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.

■ PISTILLI CONSTRUCTION & DEVELOPMENT CORP., Appellant, v EPSTEIN, RAYHILL & FRANKINI, et al., Respondents. [921 NYS2d 887]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court,

Queens County (Brathwaite-Nelson, J.), dated March 12, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages. To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [citations omitted]).

Here, in support of the defendants' motion for summary judgment dismissing the complaint, they demonstrated, prima facie, that the plaintiff was unable to establish that the alleged negligence of the defendants Epstein, Rayhill & Frankini (hereinafter the law firm) and Mona C. Haas proximately caused the loss sustained. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly dismissed the first cause of action alleging legal malpractice asserted against those defendants (*see Boone v Bender*, 74 AD3d 1111, 1112-1113 [2010]; *Boglia v Greenberg*, 63 AD3d 973, 974 [2009]; *Kotzian v McCarthy*, 36 AD3d 863 [2007]).

Regarding the second cause of action, "[a] claim of vicarious liability cannot stand when 'there is no primary liability upon which such a claim of vicarious liability might rest' " (*Pereira v St. Joseph's Cemetery*, 54 AD3d 835, 837 [2008], quoting *Karaduman v Newsday, Inc.*, 51 NY2d 531, 546 [1980]). Accordingly, the Supreme Court properly dismissed the second cause of action, which sought to hold the defendant Nationwide Mutual Insurance Company (hereinafter Nationwide) vicariously liable for the alleged malpractice of the law firm and Haas. Furthermore, the facts of this case do not give rise to an equitable estoppel claim against Nationwide, as it never assumed the defense of the plaintiff in the underlying action (*cf. Brooklyn Hosp. Ctr. v Centennial Ins. Co.*, 258 AD2d 491 [1999]; *Touchette Corp. v Merchants Mut. Ins. Co.*, 76 AD2d 7, 12 [1980]). Therefore, the Supreme Court also properly dismissed the plaintiff's third cause of action.

The plaintiff's remaining contention is without merit. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.

■ Lorenzo Polanco-Espinal, Appellant, v City of New York et al., Respondents, et al., Defendants. [921 NYS2d 862]—