■ MICHAEL QUIGLEY, Respondent, v COCO'S WATER CAFÉ, INC., Defendant, and NICHOLAS AIELLO, Appellant. [926 NYS2d 584]—

In an action to recover damages for personal injuries, the defendant Nicholas Aiello appeals from a judgment of the Supreme Court, Suffolk County (Molia, J.), dated September 2, 2008 which, after an inquest on the issue of damages awarding the plaintiff damages in the sums of $100,000 for past pain and suffering and $75,000 for future pain and suffering, is in favor of the plaintiff and against him in the principal sum of $175,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover damages for injuries he sustained when the defendant Nicholas Aiello struck him in the face with a wine glass, which shattered, during a physical altercation at a bar in 1997. The plaintiff was 26 years

old on the date of the incident. In April 2000 the plaintiff obtained a default judgment on the issue of liability against Aiello.

At an inquest on the issue of damages held in April 2008, the plaintiff presented evidence that, as a result of being struck by the wine glass, he sustained two lacerations on the left side of his face which required stitches at the emergency room and resulted in facial scarring. He testified that over a period of approximately two weeks following the incident, he had been unable to eat, drink, or sleep on the left side of his face due to swelling, and he had experienced "excruciating" pain in the left side of his face and left jaw line. After the swelling subsided, the plaintiff continued to experience pain on the left side of his face by the jaw line. The plaintiff also testified that his left cheek area was still numb, that he was embarrassed and self-conscious about the scarring on his face, and that he had explored the possibility of undergoing reconstructive surgery but could not afford the procedure.

The plaintiff's expert neurologist testified that the plaintiff's two scars measured .5 centimeters and 3.5 centimeters in length, respectively, that the lacerations the plaintiff had sustained had severed "skin branches" of the sensory nerve to his face, and that there was a resulting area of permanent sensory loss encompassing the two scars that measured 2.5 centimeters by 5 centimeters. Additionally, the plaintiff's expert testified that the plaintiff experienced pain in his left temporo-mandibular joint which was permanent in nature and had been caused by the impact of the wine glass. Aiello's expert neurologist corroborated the presence of diminished sensation on the plaintiff's left cheek and described the area of scarring as "being in the shape of a reverse 'S' " measuring approximately 9 centimeters in length "from end to end."

The Supreme Court found that the plaintiff's facial scars were "visible and noticeable" and that, based upon his life expectancy, he would suffer from permanent scarring and facial numbness for approximately 39 more years. It awarded him damages in the sums of $100,000 for past pain and suffering and $75,000 for future pain and suffering and, thereafter, entered a judgment in favor of the plaintiff and against Aiello in the principal sum of $175,000. We affirm.

Contrary to Aiello's contention, the damage awards for past and future pain and suffering were not excessive, as they did not deviate materially from what would be reasonable compensation (*see Vogt v Paradise Alley*, 30 AD3d 1039, 1040 [2006]; *see generally O'Sullivan v Kim*, 29 AD3d 656 [2006]).

Aiello's contention that it was improper to calculate prejudgment interest from the date that the default judgment on the issue of liability against him with notice of entry was served upon him is without merit (*see Love v State of New York*, 78 NY2d 540 [1991]; *Sinn v Nationwide Mut. Ins. Co.*, 245 AD2d 1096 [1997]). Covello, J.P., Leventhal, Lott and Miller, JJ., concur.