■ GAIL BAROUH, Appellant, v LAW OFFICES OF JASON L. ABELOVE et al., Respondents. [16 NYS3d 294]—In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sher, J.), dated June 16, 2014, which granted the defendants' motion for summary judgment dismissing the first and second causes of action, which alleged legal malpractice and breach of fiduciary duty, respectively.

Ordered that the order is affirmed, with costs.

The underlying facts are set forth in our decision on the related appeal from an order dated September 3, 2013 (*see Barouh v Law Offs. of Jason L. Abelove*, 131 AD3d 988 [2015] [decided herewith]). In the order appealed from here, the Supreme Court granted the defendants' motion for summary judgment dismissing the first and second causes of action, which alleged legal malpractice and breach of fiduciary duty. The plaintiff appeals.

To recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Smith v Kaplan Belsky Ross Bartell, LLP*, 126 AD3d 877 [2015]). To establish causation, "a

plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence" (*id.* at 878). "To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements" (*Verdi v Jacoby & Meyers, LLP*, 92 AD3d 771, 772 [2012] [internal quotation marks omitted]).

Here, the defendants met their initial burden of demonstrating, prima facie, that the plaintiff cannot establish that but for Abelove's conduct, the plaintiff would not have incurred damages in defending against the BEA defendants' motion to dismiss (*see Alaimo v Mongelli*, 93 AD3d 742, 744 [2012]; *Pistilli Constr. & Dev. Corp. v Epstein, Rayhill & Frankini*, 84 AD3d 913, 914 [2011]; *see also Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 848 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In addition, the defendants established that they were entitled to summary judgment dismissing the cause of action alleging breach of fiduciary duty, as this claim is based upon the same alleged acts of legal malpractice (*see Breslin Realty Dev. Corp. v Shaw*, 72 AD3d 258, 261 [2010]; *Adamski v Lama*, 56 AD3d 1071, 1072-1073 [2008]; *see also Boone v Bender*, 74 AD3d 1111, 1113 [2010]).

The plaintiff's contention that the defendants' motion for summary judgment was premature is improperly raised for the first time on appeal and, thus, not properly before this Court (*see Aglow Studios, Inc. v Karlsson*, 83 AD3d 747, 749 [2011]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the first and second causes of action. Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.