◼ Lucille Martorella, Respondent, v 150 Centerville Holding, LLC, et al., Defendants, and Tadco Construction Corporation et al., Appellants. [19 NYS3d 433]—In an action to recover damages for personal injuries, the defendants Tadco Construction Corporation and 150 Centerville, LLC, appeal

from (1) an order of the Supreme Court, Queens County (Butler, J.), entered March 24, 2011, which denied their motion to vacate their default in answering the complaint, and (2) a judgment of the same court entered February 8, 2012, which, after an inquest on the issue of damages and upon a decision dated May 13, 2011, awards the plaintiff damages in the sums of $165,000 for past pain and suffering and $20,000 for future pain and suffering.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer as timely must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (*see HSBC Bank USA, N.A. v Rotimi*, 121 AD3d 855 [2014]). The appellants failed to demonstrate in support of their motion either a reasonable excuse for their default or a potentially meritorious defense to the action. Accordingly, the Supreme Court properly denied the appellants' motion to vacate their default in answering the complaint and to compel the plaintiff to accept their late answer.

Contrary to the appellants' contention, the damages awards for past and future pain and suffering, which were determined after an inquest, were not excessive, as they did not deviate materially from what would be reasonable compensation (*see Quigley v Coco's Water Café, Inc.*, 85 AD3d 998, 999 [2011]).

The appellants' remaining contentions are without merit. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.