DARLINGTON REALTY, LLC, Respondent, v TOWN OF RAMAPO, Respondent, and ISRAEL OSTER et al., Appellants. [54 NYS3d 317]—

In an action pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief, the defendants Israel Oster and Chaya Brandi Oster appeal from an interlocutory judgment of the Supreme Court, Rockland County (Loehr, J.), entered April 15, 2016, which, upon an order of the same court dated February 1, 2016, inter alia, granting the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against them and for summary judgment dismissing their counterclaims, among other things, declared that title to certain real property is vested in the defendant Town of Ramapo for "street purposes."

Ordered that on the Court's own motion, the notice of appeal from the order is deemed a premature notice of appeal from the interlocutory judgment (see CPLR 5520 [c]); and it is further,

Ordered that the interlocutory judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff commenced this action pursuant to RPAPL article 15 to quiet title to real property, seeking a judgment declaring that a parcel of land identified as "Parcel I" is owned in fee by the plaintiff, that an adjoining parcel of land identified as "Parcel II" is owned in fee by the defendant Town of Ramapo for "street purposes," and that the defendants Israel Oster and Chaya Brandi Oster (hereinafter together the Osters) have no interest in either Parcel I or Parcel II. The Osters asserted counterclaims and cross claims alleging that they are the fee owners of Parcel II. In an order dated February 1, 2016, the Supreme Court, inter alia, granted the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against the Osters and for summary judgment dismissing the Osters' counterclaims. In an interlocutory judgment entered April 15, 2016, the Supreme Court, upon the order, inter alia, declared that title to Parcel II is vested in the Town for "street purposes." The Osters appeal.

On its cross motion for summary judgment, which was sup-

ported by the relevant deeds and an expert affidavit, the plaintiff established, prima facie, that it owned Parcel I in fee, that Parcel II was owned in fee by the Town for "street purposes," and that the Osters have no interest in Parcel I or Parcel II (see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [2016]; City of Albany v State of New York, 28 NY2d 352, 356 [1971]; Matter of Fusaro v D'Angelo, 41 AD2d 567 [1973]). In opposition, the Osters failed to raise a triable issue of fact. The Osters' contention that the cross motion for summary judgment was premature is improperly raised for the first time on appeal (see Barouh v Law Offs. of Jason L. Abelove, 131 AD3d 992, 993 [2015]; Panteleon v Amaya, 85 AD3d 993, 995 [2011]).

The Osters' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against the Osters and for summary judgment dismissing the Osters' counterclaims, and properly declared that title to certain real property is vested in the defendant Town of Ramapo for "street purposes." Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.