Sharestates Inv., LLC v Hercules (2018 NY Slip Op 07479)





Sharestates Inv., LLC v Hercules


2018 NY Slip Op 07479


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-05116
 (Index No. 70745/15)

[*1]Sharestates Investment, LLC, respondent,
v
Anyekache Hercules, et al., appellants.


Gunilla Perez-Faringer, White Plains, NY, for appellants.
Butler, Fitzgerald, Fiveson & McCarthy, New York, NY (David K. Fiveson and Claudia G. Jaffe of counsel), for respondent.



DECISION & ORDER
In an action to impose an equitable lien upon real property, the defendants appeal from a judgment of the Supreme Court, Westchester County (Mary H. Smith, J.), dated May 9, 2016. The judgment, upon an order of the same court (Terry Jane Ruderman, J.) dated April 14, 2016, granting the plaintiff's motion for leave to enter a default judgment, is in favor of the plaintiff and against the defendants, imposing an equitable lien in the principal sum of $1,500,000 upon the subject real property.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action alleging that the defendant Anyekache Hercules defrauded it into making a substantial loan to finance a fictitious real estate transaction, and that the defendants then used the loan proceeds to purchase a residence for themselves. The complaint sought to impose an equitable lien in the amount of the loan upon the real property acquired by the defendants. When the defendants failed to timely appear or answer, the plaintiff moved for leave to enter a default judgment, submitting proof of service of the summons and complaint as well as bank records and documentary evidence. The Supreme Court granted the motion, and a judgment subsequently was entered in favor of the plaintiff. The defendants appeal. We affirm.
To successfully oppose a motion for leave to enter a default judgment based on failure to appear or timely serve an answer, the defendants were required to demonstrate a reasonable excuse for their delay and the existence of a potentially meritorious defense to the action (see Gomez v Gomez-Trimarchi, 137 AD3d 972, 973; Blake v United States of Am., 109 AD3d 504, 505; Wassertheil v Elburg, LLC, 94 AD3d 753; HSBC Bank USA, N.A. v Roldan, 80 AD3d 566, 566-567). The determination of whether a reasonable excuse has been established is a matter addressed to the broad discretion of the trial court based upon the circumstances of the particular case (see Yuxi Li v Caruso, 161 AD3d 1132, 1133-1134; Matter of Haberman v Zoning Bd. of Appeals of the City of Long Beach, 152 AD3d 683, 684; Duprat v BMW Fin. Servs., NA, LLC, 142 AD3d 946, 947; Gershman v Ahmad, 131 AD3d 1104, 1105).
Here, the conclusory and unsubstantiated assertions proffered by the defendants failed to establish a reasonable excuse for their default (see generally Martorella v 150 Centerville [*2]Holding, LLC, 133 AD3d 832, 833; HSBC Bank USA, N.A. v Rotimi, 121 AD3d 855, 855-856; Vujanic v Petrovic, 103 AD3d 791, 792). In any event, the defendants failed to make the requisite showing of a potentially meritorious defense to the action, since their opposition papers did not address the merits of the plaintiff's claim (see Martorella v 150 Centerville Holding, LLC, 133 AD3d at 833; Vujanic v Petrovic, 103 AD3d at 792).
The defendants' remaining contentions are improperly raised for the first time on appeal (see Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748; Matter of Burrell v West, 163 AD3d 660; Warren v Carreras, 133 AD3d 592, 594; Barouh v Law Offs. of Jason L. Abelove, 131 AD3d 992, 993).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for leave to enter a default judgment against the defendants.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court