PennyMac Corp. v Bongiovanni (2019 NY Slip Op 01784)





PennyMac Corp. v Bongiovanni


2019 NY Slip Op 01784


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-05414
2017-11567
 (Index No. 135011/16)

[*1]PennyMac Corp., plaintiff-respondent, 
v
Danielle Liguori Bongiovanni, et al., defendants, Sebastian Bongiovanni, appellant; Allen Cappelli, etc., et al., nonparty-respondents.


Sebastian Bongiovanni, Staten Island, NY, appellant pro se.
Rosicki, Rosicki & Associates, P.C. (Blank Rome LLP, New York, NY [Timothy W. Salter and Diana M. Eng], of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sebastian Bongiovanni appeals from (1) an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated March 28, 2017, and (2) an order of the same court dated September 4, 2017. The order dated March 28, 2017, insofar as appealed from, inter alia, denied the motion of the defendant Sebastian Bongiovanni, in effect, to dismiss the complaint insofar as asserted against him and to recuse Justice Thomas P. Aliotta, and granted the motion of nonparties Allen Cappelli and Michael Bongiovanni for leave to intervene in the action and to impose a constructive trust in favor of Michael Bongiovanni upon the subject property and the surplus funds, if any, upon any sale of the property. The order dated September 4, 2017, insofar as appealed from, inter alia, denied those branches of the motion of the defendant Sebastian Bongiovanni which were to vacate the order dated March 28, 2017, in effect, to vacate his default in appearing in the action, to impose sanctions against the plaintiff's counsel pursuant to 22 NYCRR 130-1.1, and, in effect, to impose sanctions on the basis that the plaintiff failed to engage in settlement discussions and negotiations in good faith pursuant to CPLR 3408.
ORDERED that the order dated March 28, 2017, is modified, on the law, by deleting the provision thereof granting that branch of the nonparties' motion which was to impose a constructive trust in favor of Michael Bongiovanni upon the subject property and the surplus funds, if any, upon any sale of the property, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated March 28, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated September 4, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the plaintiff is awarded one bill of costs, payable by the appellant.
On or about November 13, 2007, the defendant Sebastian Bongiovanni (hereinafter the defendant) and Danielle Liguori Bongiovanni (hereinafter together the borrowers) executed and [*2]delivered a note to JP Morgan Chase Bank, N.A. (hereinafter Chase), in the principal amount of $637,500. On the same day, the borrowers executed a mortgage against real property located in Staten Island (hereinafter the subject property) to secure the note. The borrowers' purchase of the real property was funded, in part, with funds belonging to their son, Michael Bongiovanni (hereinafter Michael). Those funds were proceeds of a settlement of a personal injury action commenced on behalf of Michael. Thereafter, Chase allegedly assigned the mortgage to the plaintiff, PennyMac Corp. After the borrowers allegedly defaulted on their obligations, the plaintiff commenced this action to foreclose the mortgage. The defendant did not timely appear in the action, and when he served a late answer, the plaintiff rejected it as untimely.
The defendant nevertheless moved to dismiss the complaint insofar as asserted against him on the ground that the plaintiff had engaged in fraud by misrepresenting the principal balance on the loan or, in the alternative, to recuse the Justice assigned to the case. Nonparty Allen Cappelli and Michael (hereinafter together the nonparties) moved to for leave to intervene in the action and for the imposition of a constructive trust on the property and any surplus funds available after sale of the property. In an order dated March 28, 2017, the Supreme Court denied the defendant's motion to dismiss or, in the alternative, to recuse the Justice. The court granted the nonparties' motion for leave to intervene in the action and to impose a constructive trust on the property and any surplus funds available after sale of the property. The defendant then moved to vacate the order dated March 28, 2017, in effect, to vacate his default in appearing in the action, to impose sanctions against the plaintiff's counsel pursuant to 22 NYCRR 130-1.1, and, in effect, to impose sanctions on the basis that the plaintiff failed to engage in settlement discussions and negotiations in good faith pursuant to CPLR 3408. In an order dated September 4, 2017, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals from both orders.
Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the nonparties' motion which was for leave to intervene in the action. However, the court should have denied that branch of the nonparties' motion which was to impose a constructive trust on the property and upon any proceeds upon sale of the property, as there was no pleading setting forth a cause of action for a constructive trust (see generally Seidenfeld v Zaltz, 162 AD3d 929, 934-935).
In moving, in effect, to vacate his default in timely appearing in the action, the defendant was required to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense to the action (see Hairston v Marcus Garvey Residential Rehab Pavilion, Inc., 163 AD3d 530, 531-532; Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC, 140 AD3d 1054, 1054-1055; Martorella v 150 Centerville Holding, LLC, 133 AD3d 832, 833). Inasmuch as the defendant failed to offer any excuse for his default in timely answering the complaint, and his contention that his appearance was timely is without merit, it is not necessary to address whether he demonstrated a potentially meritorious defense to the action (see HSBC Bank USA, N.A. v Daniels, 163 AD3d 639; Hairston v Marcus Garvey Residential Rehab Pavilion, Inc., 163 AD3d at 532).
The defendant's remaining contentions are either without merit or not properly before us.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court