■ JAY SCHADOFF, Respondent-Appellant, v JAY RUSS et al., Appellants-Respondents. [717 NYS2d 284] —In an action, *inter alia,* to recover damages for legal malpractice, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated August 11, 1999, as denied their motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for leave to file an amended complaint, and the plaintiff cross-appeals from so much of the same order as determined that the defendants were under no duty to advise him as to his rights and obligations under New Jersey law.

Ordered that the cross appeal is dismissed; and it is further,

Ordered that the order is reversed insofar as appealed from, the motion is granted, the cross motion is denied, and the complaint is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff purports to cross appeal from certain statements contained in the order denying the defendants' motion for summary judgment. Because the order denied the defendants' motion for summary judgment, the plaintiff is not aggrieved, even though he "disagrees with the particular findings, rationale, or the opinion supporting the * * * order * * * in his favor" (*Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 545). Although the cross appeal is dismissed, the argu-

ments raised on the cross appeal may be considered on the direct appeal (*see, Parochial Bus Sys. v Board of Educ., supra*).

To succeed in an action to recover damages for legal malpractice, a plaintiff must ultimately prove, *inter alia*, that "the attorney was negligent" (*Zeitlin v Greenberg, Margolis, Ziegler, Schwartz, Dratch, Fishman, Franzblau & Falkin,* 209 AD2d 510). On their motion for summary judgment dismissing the complaint, the defendants met their burden by demonstrating that the plaintiff was unable to prove this essential element of a malpractice cause of action (*see, Ippolito v McCormack, Damiani, Lowe & Mellon,* 265 AD2d 303). The burden then shifted to the plaintiff to demonstrate the existence of a factual issue requiring a trial of the action (*see, Wilkerson v Buonomo & Thaler,* 199 AD2d 260). However, the plaintiff failed to oppose the motion with an expert affidavit delineating the appropriate "standard of professional care and skill" that the defendants were required to adhere to under the circumstances (*Greene v Payne, Wood & Littlejohn,* 197 AD2d 664, 666). Thus, "[t]he plaintiff's opposing papers consisted * * * entirely of conclusory statements or unsubstantiated allegations regarding legal malpractice * * * which did not constitute sufficient proof to defeat the motion for summary judgment" (*Wilkerson v Buonomo & Thaler, supra,* at 260-261). Since the plaintiff failed to point to any evidence tending to show that the defendants' alleged omissions constituted malpractice, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.

The defendants' remaining contention need not be reached in light of this determination. Mangano, P. J., Luciano, Feuerstein and Schmidt, JJ., concur.