[867 NE2d 385, 835 NYS2d 534]

BERNARD RUDOLF et al., Appellants, v SHAYNE, DACHS, STANISCI, CORKER & SAUER et al., Respondents. (And a Third-Party Action.)

Argued March 21, 2007; decided April 26, 2007

## POINTS OF COUNSEL

*Howard R. Birnbach,* Great Neck, for appellants. I. Plaintiffs are entitled to compensatory damages for monies expended at a second trial necessitated by legal malpractice. (*Giambrone v Bank of N.Y.,* 253 AD2d 786; *Zarin v Reid & Priest,* 184 AD2d 385; *DePinto v Rosenthal & Curry,* 237 AD2d 482; *Gamiel v Curtis & Riess-Curtis, P.C.,* 16 AD3d 140; *Lebeau v Morales,* 245 AD2d 269; *VDR Realty Corp. v Mintz,* 167 AD2d 986; *Affiliated Credit Adjustors v Carlucci & Legum,* 139 AD2d 301; *Lory v Parsoff,* 296 AD2d 535.) II. Respondents are liable for statutory interest on the monies denied to appellants due to malpractice. (*Love v State of New York,* 78 NY2d 540; *Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38; *Burton v Kaplan,* 184 AD2d 408; *Jamie Towers Hous. Co. v William B. Lucas, Inc.,* 296 AD2d 359; *Ocean Ships, Inc. v Stiles,* 315 F3d 111.)

*L'Abbate, Balkan, Colavita & Contini, L.L.P.,* Garden City (*Matthew K. Flanagan* of counsel), for respondents. I. The Appellate Division correctly held that plaintiffs failed to demonstrate that they suffered any damages. (*Pistilli v Gandin,* 10 AD3d 353; *Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Sof-*

*fen,* 303 AD2d 561; *Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38; *McKenna v Forsyth & Forsyth,* 280 AD2d 79.) II. Aside from the fact that plaintiffs have not suffered any damages, they failed to establish that their alleged damages would not have been sustained "but for" defendants' alleged malpractice. (*Davis v Klein,* 88 NY2d 1008; *Schwartz v Olshan Grundman Frome & Rosenzweig,* 302 AD2d 193.)

### OPINION OF THE COURT

GRAFFEO, J.

In this legal malpractice action, we conclude that plaintiff is entitled to recover from defendant law firm consequential damages consisting of legal and expert witness fees and related expenses. Under the circumstances of this case, however, we agree with the courts below that plaintiff should not receive an interest award.

In September 1999, plaintiff Bernard Rudolf sustained personal injuries when he was struck by an automobile while walking across the westbound lanes of Sunrise Highway in Merrick, Long Island. The intersection where the accident occurred was controlled by a traffic signal and the car that hit plaintiff was making a left turn from Hewlett Avenue onto Sunrise Highway. Defendant law firm, Shayne, Dachs, Stanisci, Corker & Sauer, was retained to represent plaintiff, and his wife derivatively, in a personal injury action against the driver and owner of the vehicle. A firm member served as plaintiff's trial counsel.

The trial was bifurcated and during the liability stage there was conflicting testimony as to whether plaintiff was in the crosswalk at the time of the accident. After completion of the testimony, at the request of plaintiff's counsel, the trial court instructed the jury on the statutory requirements of Vehicle and Traffic Law § 1151. Section 1151 addresses intersections without operational traffic signals and generally provides that pedestrians have the right of way in crosswalks. But that provision also imposes a duty on pedestrians not to "suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impractical for the driver to yield" (Vehicle and Traffic Law § 1151 [b]). The jury returned a verdict finding both plaintiff and the driver negligent and apportioned 50% of the fault to each party. Following the damages

phase of the trial, the jury calculated damages at $255,000, to be reduced by half to reflect plaintiff's comparative negligence.[1]

Plaintiff then retained new counsel and moved to set aside the verdict, asserting that the court gave an erroneous charge and should have instructed the jury on section 1111 of the Vehicle and Traffic Law rather than section 1151. Section 1111 applies to intersections regulated by traffic signals and grants pedestrians "facing any steady green signal" the right of way within a crosswalk (Vehicle and Traffic Law § 1111 [a] [3]). The statute further provides that vehicular traffic facing a green arrow signal may enter the intersection cautiously, but must "yield the right of way to other traffic lawfully within the intersection or an adjacent cross walk" (Vehicle and Traffic Law § 1111 [a] [2]). Supreme Court denied the motion, noting that plaintiff's attorney had requested an instruction based on section 1151. Plaintiff appealed and the Appellate Division reversed, holding that "[t]he erroneous charge was a fundamental error requiring a new trial because it affected the jury's consideration of the plaintiff's liability if the jury determined that the plaintiff was in the crosswalk when he was hit" (4 AD3d 408, 409-410 [2004]). The Court granted plaintiff a new trial.

A second trial ensued in November 2004. This time, the court properly charged Vehicle and Traffic Law § 1111 and the jury determined that the driver was solely responsible for the accident.[2] At the damages phase, five expert witnesses testified on plaintiff's behalf. Before the jury returned a verdict on damages, the parties settled the case for $750,000.

Plaintiff initiated this legal malpractice action against defendants relating to their representation during the first trial, alleging that they were negligent in not requesting that Vehicle and Traffic Law § 1111 be charged to the jury and in failing to object to the charge given. In his damages claim, plaintiff sought payment of the legal fees associated with the motion to set aside the verdict and the appeal, as well as the expert witness fees and expenses incurred for the second trial. Plaintiff also

---

**1.** Specifically, the jury found that plaintiff sustained damages of $140,000 for past loss of earnings; $50,000 for future loss of earnings; $25,000 for past pain and suffering; $25,000 for future pain and suffering; and that his wife was entitled to $15,000 for loss of services.

**2.** Although the jury found both plaintiff and the driver negligent, it concluded that plaintiff's negligence was not a substantial factor in causing the accident.

requested approximately $190,000 in interest that would have accrued at nine percent per annum on the $750,000 had that sum been awarded at the conclusion of the first trial in January 2002. Defendants interposed a counterclaim for unpaid legal fees as trial counsel in the first litigation. Plaintiff then moved for summary judgment, seeking the total sum of $225,175.

Supreme Court granted plaintiff summary judgment to the extent of awarding $28,703.27 (plus interest thereon) to reimburse plaintiff for legal and expert fees and expenses, but denied the motion insofar as it sought predecision interest on the $750,000 settlement. The court also dismissed defendants' counterclaim. The Appellate Division reversed plaintiff's award of $28,703.27 and dismissed the complaint in its entirety, reasoning that plaintiff did not sustain any actual damages as a result of defendants' malpractice in light of the substantial settlement obtained during the course of the second trial. We granted plaintiff leave to appeal.

In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages (*McCoy v Feinman*, 99 NY2d 295, 301-302 [2002] [internal quotation marks and citation omitted]). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence (*see Davis v Klein*, 88 NY2d 1008, 1009-1010 [1996]; *Carmel v Lunney*, 70 NY2d 169, 173 [1987]).

Here, defendants do not dispute that they were negligent in requesting that section 1151 of the Vehicle and Traffic Law be charged in light of the undisputed evidence that the intersection at issue was controlled by a traffic light. As the Appellate Division noted, section 1111 governs intersections regulated by traffic signals and is more favorable to pedestrians than section 1151, which, by its plain terms, applies only where there are no traffic signals. The erroneous charge forced plaintiff to hire new counsel to move to set aside the verdict assigning 50% fault to plaintiff, pursue an appeal from Supreme Court's judgment and retain expert witnesses to testify at the second trial. These steps would not have been necessary but for defendants' negligence.

Defendants contend, and the Appellate Division concurred, that plaintiff did not sustain any actual damages as a result of the malpractice because plaintiff ultimately recovered a settlement of $750,000 in the underlying personal injury action. We are unpersuaded.

Damages in a legal malpractice case are designed "to make the injured client whole" (*Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 42 [1990]). A plaintiff's damages may include "litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by the attorney's wrongful conduct" (*DePinto v Rosenthal & Curry*, 237 AD2d 482, 482 [2d Dept 1997]; *see also Baker v Dorfman*, 239 F3d 415, 426 [2d Cir 2000]; 3 Mallen and Smith, Legal Malpractice §§ 20:6, 20:10 [2007]).

▌ In this case, plaintiff incurred litigation expenses to correct defendants' error and paid a second time for expert fees for the retrial. These expenditures were readily ascertainable and calculated at $28,703.27 by Supreme Court. Although plaintiff achieved a $750,000 settlement as a result of the second trial, that sum represented compensatory damages in the underlying personal injury action and was not designed to reimburse plaintiff for the fees and expenses caused by defendants' negligence. We therefore agree with Supreme Court that plaintiff is entitled to consequential damages of $28,703.27.

▌ Like the courts below, we reject plaintiff's argument that he should recover interest on the $750,000 settlement from January 2002 to November 2004. Plaintiff contends that, had it been properly charged, the first jury would have found the driver solely responsible for the accident and returned a damages verdict of $750,000, and that defendants should be responsible for interest that would have accrued on that sum during that period before he received payment. But plaintiff's assertion that, had the proper instruction been charged, the first jury would have awarded $750,000—instead of the $255,000 it actually awarded—is pure speculation. Sections 1151 and 1111 of the Vehicle and Traffic Law relate only to liability and not to the damages issues. There is no basis to presume that a difference in the instructions on determining liability would have altered the jury's calculation of damages. Plaintiff is

therefore not entitled to interest as an element of damages in this malpractice action.[3]

Accordingly, the order of the Appellate Division should be modified, without costs, by reinstating the judgment of Supreme Court and, as so modified, the order should be affirmed.

Chief Judge KAYE and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order modified, etc.

---

3. We need not decide in this case whether predecision interest may be recoverable in a legal malpractice action under other circumstances (*see generally* CPLR 5001; *Baker*, 239 F3d at 424-425; 3 Mallen and Smith, Legal Malpractice § 20:5 [2007]).