■ MARTIN LEIBOWITZ, Appellant, v IMPRESSIVE HOMES, INC., et al., Respondents, et al., Defendants. [843 NYS2d 120]—In an action, inter alia, to recover damages for breach of contract and legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brennan, J.), entered March 27, 2006, as granted those branches of the motion of the defendants Impressive Homes, Inc., Mark Dayan, Empire Home Sales, Inc., Young Klein & Lontos, P.C., and Drew R. Lontos which were to dismiss the plaintiffs' third and fourth causes of action sounding in breach of contract pursuant to CPLR 3211 (a) (1) and (7) and granted that branch of the motion of the defendant Asaf Dror which was to dismiss the cause of action against him sounding in legal malpractice pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellant payable by the respondents appearing separately and filing separate briefs, those branches of the motion of the defendants Impressive Homes, Inc., Mark Dayan, Empire Home Sales, Inc., Young Klein & Lontos, P.C., and Drew R. Lontos which were to dismiss the plaintiffs' third and fourth causes of action sounding in breach of contract pursuant to CPLR 3211 (a) (1) and (7) are denied, and that branch of the motion of the defendant Asaf Dror which was to dismiss the cause of action against him sounding in legal malpractice pursuant to CPLR 3211 (a) (1) and (7) is denied.

The respondents sought dismissal of the complaint pursuant

to CPLR 3211 (a) (1) and (7). The Supreme Court did not treat their motions as motions for summary judgment. Accordingly, the court was required to accept the facts alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). Dismissal pursuant to CPLR 3211 (a) (1) based upon documentary evidence is warranted "only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*id.* at 88). The respondents failed to conclusively establish a defense as a matter of law.

The finding by the Supreme Court that the plaintiff's claim for partial reimbursements of real estate taxes was "premature" is not supported by the record.

Further, the contentions by the respondent Asaf Dror that the plaintiff failed to plead a cause of action sounding in legal malpractice are without merit (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438 [2007]; *Swift v Ki Young Choe,* 242 AD2d 188, 192 [1998]). Spolzino, J.P., Fisher, Covello and McCarthy, JJ., concur.