■ MICHAEL C. VERDI, Respondent, v JACOBY & MEYERS, LLP, et al., Appellants. [938 NYS2d 806]—

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]; *see Bells v Foster*, 83 AD3d 876 [2011]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Bells v Foster*, 83 AD3d 876 [2011]). "To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements" (*Alizio v Feldman*, 82 AD3d 804, 804 [2011]).

The Supreme Court properly, in effect, upon reargument, adhered to its original determination denying the defendants' motion for summary judgment dismissing the complaint, since the defendants failed to make the requisite showing of their prima facie entitlement to judgment as a matter of law (*see Bells v Foster*, 83 AD3d 876 [2011]; *Alizio v Feldman*, 82 AD3d 804 [2011]; *Ippolito v McCormack, Damiani, Lowe & Mellon*,

265 AD2d 303 [1999]; *Ostriker v Taylor, Atkins & Ostrow*, 258 AD2d 572 [1999]). Dillon, J.P., Florio, Chambers and Roman, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33528(U).]**