■ GEDDIS ABEL BEY, Respondent, v FLUSHING HOSPITAL MEDICAL CENTER, Defendant, and BREITNER & HOFFMAN, P.C., Appellant. (And a Third-Party Action.) [945 NYS2d 128]—

In an action, inter alia, to recover damages for legal malpractice, the defendant Breitner & Hoffman, P.C., appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated December 7, 2007, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to CPLR 1018, "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." Contrary to the contention of the defendant Breitner & Hoffman, P.C. (hereinafter the defendant), in the absence of an order directing a substitution, the plaintiff was entitled to continue this action notwithstanding the fact that, after the plaintiff commenced the action, he executed an assignment transferring all right, title, and interest in his legal malpractice cause of action to another (*see* CPLR 1018; *Equicredit Corp. of Am. v Campbell*, 73 AD3d 1119, 1120 [2010]; *J.C. Tarr, Q.P.R.T. v Delsener*, 70 AD3d 774, 779 [2010]).

" 'In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to

sustain actual and ascertainable damages. To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence' " (*Pistilli Constr. & Dev. Corp. v Epstein, Rayhill & Frankini*, 84 AD3d 913, 914 [2011] [some internal quotation marks omitted], quoting *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *see Humbert v Allen*, 89 AD3d 804, 806 [2011]; *Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1018 [2010]; *Bauza v Livington*, 40 AD3d 791, 793 [2007]). " '[T]o obtain summary judgment dismissing a complaint in an action to recover damages for legal malpractice, a defendant must demonstrate that the plaintiff is unable to prove at least one of the essential elements of its legal malpractice cause of action' " (*Boone v Bender*, 74 AD3d 1111, 1112-1113 [2010], quoting *Boglia v Greenberg*, 63 AD3d 973, 974 [2009]). Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. The defendant, which did not dispute that it was negligent, failed to establish, prima facie, that the plaintiff was unable to prove that he sustained actual and ascertainable damages sufficient to support a legal malpractice cause of action (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 443; *DePinto v Rosenthal & Curry*, 237 AD2d 482, 482 [1997]), or that the defendant was the proximate cause of the plaintiff's injury. Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.

The defendant's remaining contention is without merit. Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.