■ VALLEY VENTURES, LLC, et al., Respondents, v JOSEPH J. HASPEL, PLLC, et al., Appellants. [958 NYS2d 604]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Orange County (Bartlett, J.), dated February 7, 2012, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

"In an action to recover damages for legal malpractice, a

plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation marks omitted]; *see Verdi v Jacoby & Meyers, LLP*, 92 AD3d 771, 772 [2012]; *Barnett v Schwartz*, 47 AD3d 197, 203 [2007]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442). "To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements" (*Verdi v Jacoby & Meyers, LLP*, 92 AD3d at 772 [internal quotation marks omitted]). Once a defendant makes this prima facie showing, the burden shifts to the plaintiff to raise an issue of fact requiring a trial (*see Siciliano v Forchelli & Forchelli*, 17 AD3d 343, 344-345 [2005]; *Schadoff v Russ*, 278 AD2d 222, 223 [2000]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the plaintiffs would be unable to prove the element of causation (*see Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d 566, 567 [2011]; *Pistilli Constr. & Dev. Corp. v Epstein, Rayhill & Frankini*, 84 AD3d 913, 914 [2011]; *Markowitz v Kurzman Eisenberg Corbin Lever & Goodman, LLP*, 82 AD3d 719 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Hall, Roman and Cohen, JJ., concur.