■ NASIER B. SOLIMAN, Respondent, v O'CONNOR, McGUINNESS, CONTE, DOYLE & OLESON, et al., Appellants. [988 NYS2d 228]—

In an action to recover damages for legal malpractice, breach of contract, and breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated November 30, 2012, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants represented the plaintiff, a physician, in a disciplinary proceeding commenced against him by the State Board for Professional Medical Conduct. Although the plaintiff faced potential revocation of his license, the defendants negotiated a settlement offer, whereby the plaintiff would be placed on probation for a period of three years with certain restrictions on his practice. Upon consultation with the defendants, the plaintiff accepted the settlement offer and entered into a consent agreement. The consent agreement was entered into with the informal understanding that the plaintiff could apply to have certain restrictions removed after one year. After complying with the consent agreement for approximately one year, the plaintiff retained new counsel and successfully obtained removal of certain restrictions in the consent agreement. The plaintiff subsequently commenced this action against the defendants, alleging legal malpractice, breach of contract, and breach of fiduciary duty.

The Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. "In an action to recover damages for legal malpractice, a plaintiff must demonstrate that an attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the breach of such duty was the proximate cause of the plaintiff's damages" (*Portilla v Law Offs. of Arcia & Flanagan*, 112 AD3d 901, 901 [2013]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). "Proximate cause is established by showing that the plaintiff would have succeeded in the underlying action or would not have incurred damages but for the attorney's negligence" (*Portilla v Law Offs. of Arcia & Flanagan*, 112 AD3d at 902; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they exercised the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession in their representation of the plaintiff, and, in any event, that any al-

leged breach was not the proximate cause of the plaintiff's damages (*see Montero v Cohen*, 104 AD3d 654, 655 [2013]; *Valley Ventures, LLC v Joseph J. Haspel, PLLC*, 102 AD3d 955, 956 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact.

In addition, the defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the causes of action alleging breach of contract and breach of fiduciary duty, which were based on the same facts underlying the legal malpractice cause of action (*see Sierra Holdings, LLC v Phillips, Weiner, Quinn, Artura & Cox*, 112 AD3d 909, 910 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted. Balkin, J.P., Chambers, Hall and Maltese, JJ., concur.