■ CHRIS BIVONA et al., Respondents, v DANNA & ASSOCIATES, P.C., et al., Appellants. (And a Third-Party Action.) [999 NYS2d 860]—

In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated January 17, 2013, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

" 'In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages' " (*Lever v Roesch*,

101 AD3d 954, 955 [2012], quoting *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *see Lovino, Inc. v Lavallee Law Offs.*, 96 AD3d 910, 911-912 [2012]; *Verdi v Jacoby & Meyers, LLP*, 92 AD3d 771, 772 [2012]). " 'To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence' " (*Lever v Roesch*, 101 AD3d at 955, quoting *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Barbieri v Fishoff*, 98 AD3d 703, 704 [2012]; *Board of Mgrs. of Bay Club v Borah, Goldstein, Schwartz, Altschuler & Nahins, P.C.*, 97 AD3d 612, 613 [2012]). " 'To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements' " (*Lever v Roesch*, 101 AD3d at 955, quoting *Verdi v Jacoby & Meyers, LLP*, 92 AD3d at 772).

Here, the defendants did not establish, prima facie, that the plaintiffs will be unable to prove at least one of the elements of legal malpractice (*see Gershkovich v Miller, Rosado & Algios, LLP*, 96 AD3d 716, 717 [2012]; *Bey v Flushing Hosp. Med. Ctr.*, 95 AD3d 1152, 1153 [2012]). The defendants could not sustain their burden merely by pointing out gaps in the plaintiffs' proof (*see Kempf v Magida*, 116 AD3d 736, 736 [2014]; *Alizio v Feldman*, 82 AD3d 804, 805 [2011]). Accordingly, contrary to the defendants' contention, the Supreme Court properly denied their motion for summary judgment dismissing the complaint.

The defendants' remaining contention is without merit. Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.