■ ALEXANDER MIUCCIO et al., Respondents, v RONALD STRACI, Appellant. [11 NYS3d 586]—Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered May 14, 2013, which

denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant contends that, even if there is a triable issue of fact as to his responsibility for the delay in transferring plaintiffs' assets from Amalgamated Bank to Western Asset Management (WAM), the damages plaintiffs seek, namely, the difference between the low interest rate the funds earned at Amalgamated and the higher return they would have received at WAM, are too speculative. This argument is unavailing. "[B]ut for" defendant's alleged negligence (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]), plaintiffs would have earned a higher return earlier than June 2005, and the difference between the amount they earned at Amalgamated and the amount they would have earned at WAM is "readily ascertainable" (*id.* at 443) and, indeed, was "calculated" (*id.*) by their expert.

We have considered defendant's remaining contentions, including that lost profits can be awarded only if a fiduciary engages in self-dealing, and find them unavailing. Notably, the case sounds in legal malpractice, not breach of fiduciary duty. The claim is that defendant was negligent in handling paperwork to effect the transfer of assets from one company to another, not that he retained the assets or invested them in a manner disadvantageous to plaintiffs. Concur—Andrias, J.P., Saxe, Feinman and Clark, JJ.