Iannucci v Kucker & Bruh, LLP (2018 NY Slip Op 03514)





Iannucci v Kucker & Bruh, LLP


2018 NY Slip Op 03514


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-11364
 (Index No. 16155/05)

[*1]Robert Iannucci, et al., appellants, 
v
Kucker & Bruh, LLP, et al., respondents.


Port and Sava, Lynbrook, NY (George S. Sava of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Philip Furia of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 7, 2015. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging legal malpractice.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging legal malpractice is denied.
In November 2002, the plaintiffs Robert Iannucci and Sonia Ewers, principals of the plaintiffs Clocktower Properties and Team Obsolete Promotions, Inc. (hereinafter collectively the plaintiffs), purchased property located at 325 Gold Street in Brooklyn (hereinafter the building), which, at that time, was zoned for commercial use. In connection with their purchase, Iannucci and Ewers assumed, among other things, the interest and rights in certain actions commenced by the previous owner to evict residential tenants located on the building's second, fifth, and sixth floors, and in the south basement unit. Iannucci retained the defendants to represent the plaintiffs in the ongoing eviction actions and to take or maintain legal actions against subtenants in the building. During the time that the defendants represented the plaintiffs in the eviction actions, three of the four floors at issue were vacated either by settlement or as a result of an award of summary judgment. In January 2005, Iannucci retained new counsel. The remaining residential tenants eventually vacated the premises.
Subsequently, the plaintiffs commenced this action, inter alia, to recover damages for legal malpractice, alleging, among other things, that the defendants failed to prosecute the underlying eviction actions in a timely manner, which caused the plaintiffs to lose rental income in excess of $500,000. After the completion of discovery, the defendants moved, among other things, for summary judgment dismissing the legal malpractice cause of action. In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing that cause of action on the ground that the plaintiffs' claim of loss was based [*2]on speculation. The plaintiffs appeal, as limited by their brief, from so much of the order as granted that branch of the defendants' motion. We reverse the order insofar as appealed from.
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [internal quotation marks omitted]; see Verdi v Jacoby & Meyers, LLP, 154 AD3d 901, 902; Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652). It is well settled that in order to be entitled to summary judgment, the movant "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). "It is a defendant's burden, when it is the party moving for summary judgment, to demonstrate affirmatively the merits of a defense, which cannot be sustained by pointing out gaps in the plaintiff's proof" (Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871; see Bivona v Danna & Assoc., P.C., 123 AD3d 959, 960; Kempf v Magida, 116 AD3d 736, 737; Gamer v Ross, 49 AD3d 598, 600). Once a defendant makes a prima facie showing, the burden shifts to the plaintiff to raise an issue of fact requiring a trial (see Valley Ventures, LLC v Joseph J. Haspel, PLLC, 102 AD3d 955, 956; Schadoff v Russ, 278 AD2d 222, 223).
Here, the defendants failed to submit evidence establishing, prima facie, that the plaintiffs are unable to prove at least one essential element of the cause of action alleging legal malpractice (see Pedote v Kelly, 124 AD3d at 855-856; Biberaj v Acocella, 120 AD3d at 1286). The defendants' styling of the plaintiffs' damages theory as "speculative" was merely an effort to point out gaps in the plaintiff's proof, which was insufficient to meet the defendants' burden as the party moving for summary judgment (see Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d at 871; Bivona v Donna & Assoc., P.C., 123 AD3d at 960).
Moreover, even if the plaintiffs' damages cannot be precisely calculated at this stage, expenses to the client resulting from attorney delays are deemed to be ascertainable damages in connection with a legal malpractice cause of action (see e.g. VDR Realty Corp. v Mintz, 167 AD2d 986, 987 [noting that the plaintiff's legal malpractice cause of action was validly grounded in allegations that the defendant attorney "unreasonably delayed the prosecution of a landlord-tenant holdover proceeding and engaged in dilatory tactics, thereby increasing the attorney's fee and causing other consequential damages"]; accord Miuccio v Straci, 129 AD3d 515, 516 [motion for summary judgment dismissing legal malpractice cause of action was properly denied by the trial court where the plaintiff alleged that he sustained damages due to the defendant attorney's delay]; see also Plato Gen. Constr. Corp./EMCO Tech Constr. Corp., JV, LLC v Dormitory Auth. of State of N.Y., 89 AD3d 819, 825-826 [noting that, regarding damages for delay, a "plaintiff must show that defendant was responsible for the delay; that these delays caused delay in completion of the contract (eliminating overlapping or duplication of delays); that the plaintiff suffered damages as a result of these delays; and plaintiff must furnish some rational basis for the court to estimate those damages, although obviously a precise measure is neither possible nor required" (internal quotation marks omitted)]; Manshul Constr. Corp. v Dormitory Auth. of State of N.Y., 79 AD2d 383, 387).
Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the legal malpractice cause of action, regardless of the sufficiency of the plaintiffs' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Salcedo v Demon Trucking, Inc., 146 AD3d 839, 841).
In light of our determination, we need not reach the parties' remaining contentions.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court