Sang Seok NA v Schietroma (2018 NY Slip Op 05068)





Sang Seok NA v Schietroma


2018 NY Slip Op 05068


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2015-10360
 (Index No. 701527/13)

[*1]Sang Seok Na, appellant, 
v
Paul H. Schietroma, etc., et al., respondents, et al., defendant.


Gunilla Perez-Faringer, White Plains, NY, for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (David A. Beatty, Andrew G. Lipton, and Jacqueline Mandell of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Valerie Brathwaite Nelson, J.), dated September 17, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendants Paul H. Schietroma, Paul H. Schietroma, P.C., and Sapone & Schietroma, P.C., which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced a personal injury action against Greyhound Lines, Inc. (hereinafter Greyhound), in May 2003. That action was deemed abandoned on May 10, 2007. In January 2008, the plaintiff retained new counsel, the defendants Paul H. Schietroma, Paul H. Schietroma, P.C., and Sapone & Schietroma, P.C. (hereinafter collectively the Schietroma defendants), to represent him in that action. In March 2010, after Greyhound's counsel rejected the Schietroma defendants' request for a stipulation to restore the action to the calendar, the Schietroma defendants filed a motion on the plaintiff's behalf to restore the action to the trial calendar. In an order dated October 4, 2010, the Supreme Court denied the plaintiff's motion to restore the action to the trial calendar. On appeal, this Court affirmed the order (see Sang Seok Na v Greyhound Lines, Inc., 88 AD3d 980). Subsequently, the plaintiff commenced this action alleging, inter alia, that the Schietroma defendants committed legal malpractice by failing to timely move to have the plaintiff's action against Greyhound restored to the trial calendar. The Schietroma defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
To recover damages for legal malpractice, a plaintiff must prove that the defendant failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that this failure proximately caused the plaintiff to suffer damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; Ragunandan v Donado, 150 AD3d 1289, 1290). To establish causation, the plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the defendant attorney's negligence (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442).
It is well settled that in order to be entitled to summary judgment, the movant "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). "It is a defendant's burden, when it is the party moving for summary judgment, to demonstrate affirmatively the merits of a defense, which cannot be sustained by pointing out gaps in the plaintiff's proof" (Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871; see Bivona v Danna & Assoc., P.C., 123 AD3d 959, 960; Kempf v Magida, 116 AD3d 736, 737; Gamer v Ross, 49 AD3d 598, 600). Once a defendant makes a prima facie showing, the burden shifts to the plaintiff to raise a triable issue of fact (see Valley Ventures, LLC v Joseph J. Haspel, PLLC, 102 AD3d 955, 956; Schadoff v Russ, 278 AD2d 222, 223).
Here, the Schietroma defendants met their burden by establishing, prima facie, that their alleged negligence did not proximately cause the plaintiff's damages by showing that the plaintiff would not have succeeded on the merits of the underlying action. In opposition, the plaintiff failed to raise a triable issue of fact (see Kaloakas Mgt. Corp. v Lawrence & Walsh, P.C., 157 AD3d 778, 779; Richmond Holdings, LLC v David S. Frankel, P.C., 150 AD3d 1168, 1168), since his opposition consisted entirely of speculation and conclusory assertions (see Kaloakas Mgt. Corp. v Lawrence & Walsh, P.C., 157 AD3d at 779; Financial Servs. Veh. Trust v Saad, 137 AD3d 849, 853; Cusimano v Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 118 AD3d 542, 542; Holschauer v Fisher, 5 AD3d 553, 554). Accordingly, we agree with the Supreme Court's determination to grant that branch of the Schietroma defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court