Warren v Silas (2021 NY Slip Op 03930)





Warren v Silas


2021 NY Slip Op 03930


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Acosta, P.J., Webber, Mazzarelli, Kennedy, JJ. 


Index No. 153368/12 Appeal No. 14078 Case No. 2019-5455 

[*1]Cynthia Warren, Plaintiff-Appellant,
v
Rudolph Silas, Defendant-Respondent.


The Law Offices of Sanford F. Young, P.C., New York (Sanford F. Young of counsel), for appellant.
Rudolph Silas, West Haverstraw, respondent pro se.



Judgment, Supreme Court, New York County (Alice Schlesinger, J.H.O.), entered March 4, 2019, upon a jury verdict in favor of defendant, and appeal therefrom bringing up for review an order, same court and J.H.O., entered October 23, 2017, which denied plaintiff's post-trial motion to set aside the jury's verdict, unanimously affirmed, without costs.
It is well settled that "[i]n an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages. To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action . . . but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007] [internal quotation marks and citation omitted]).
Here, the jury's verdict that defendant did not depart from the requisite standard of care by failing to call surgeon Dr. Barbara Justice as an expert witness at the trial of plaintiff's medical malpractice action was not utterly irrational or against the weight of the evidence (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). The record presents a valid line of reasoning and permissible inferences that could have led the jury to find that before defendant rested his case, he informed the trial court that he intended to call Dr. Justice but could not locate her during the recess. The jury could have reasonably concluded that under the circumstances defendant could not have done more to secure Dr. Justice's testimony and therefore, in not calling her before resting, he did not fail to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession (Rudolf, 8 NY3d at 442).
This conclusion by the jury was also not against the weight of the evidence (see Cohen, 45 NY2d at 498; CPLR 4404[a]). Plaintiff is not entitled to a new trial on the ground that the trial court admitted defendant's hearsay testimony about his conversations with Dr. Justice, since that testimony was adduced by plaintiff, who also was permitted to give hearsay testimony about Dr. Justice's statements. Nor did plaintiff demonstrate that she is entitled to a directed verdict, given the compelling evidence in favor of the defendant in the underlying medical malpractice action (see Warren v New York Presbyt. Hosp., 88 AD3d 591 [1st Dept 2011], lv denied 19 NY3d 806 [2012]). In
light of that evidence, plaintiff cannot establish that she would have prevailed "but for" her lawyer's failure to bring Dr. Justice to the stand (Rudolf, 8 NY3d at 442).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021