Mazzone v Alonso, Andalkar & Facher, P.C. (2023 NY Slip Op 01746)

Mazzone v Alonso, Andalkar & Facher, P.C.

2023 NY Slip Op 01746

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Friedman, Rodriguez, JJ. 

Index No. 152735/19, 595278/19 Appeal No. 17621-17622-17623 Case No. 2022-01660, 2022-03723, 2022-03753 

[*1]Rosa Mazzone, Plaintiff-Respondent,
v
Alonso, Andalkar & Facher, P.C., et al., Defendants-Appellants-Respondents, Donna M. Russo, Defendant-Respondent-Appellant.

Alonso, Andalkar & Facher, P.C., New York (Erin Eileen MacAvoy of counsel), for Alonso, Andalkar & Facher, P.C. and Catania T. Facher, appellants-respondents.
Mark J. Alonso, New York, appellant-respondent pro se.
Wood Smith Henning & Berman LLP, White Plains (Alexandra B. Cumella of counsel), for respondent-appellant.
Greenberg Freeman LLP, New York (Michael A. Freeman of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered July 27, 2022, awarding plaintiff the total amount of $731,156.19 against defendants Alonso, Andalkar & Facher, P.C., Mark J. Alonso, Esq., and Catania T. Facher, Esq. (collectively, the AAF defendants), and bringing up for review an order, same court and Justice, entered on or about March 9, 2022, which to the extent appealed from as limited by the briefs, denied defendant Donna M. Russo's motion for summary judgment dismissing the complaint and AAF defendants' cross claim against her, denied AAF defendant's motion for summary judgment dismissing the complaint as against them, and granted plaintiff's motion for summary judgment as against AAF defendants, unanimously modified, on the law, the judgment vacated, Russo's motion granted and plaintiff's motion for summary judgment against the AAF defendants denied, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint and AAF defendants' cross claim as against Russo. Appeals from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff's motion for summary judgment on her legal malpractice cause of action against the AAF defendants should have been denied. Issues of fact exist as to whether, inter alia, AAF's advice regarding solicitation was reasonable under the circumstances and in harmony with Bessemer Trust Co., N.A. v Branin (16 NY3d 549 [2011]); whether plaintiff has shown the requisite injury, given that she faced greater losses had she been fired by RBC, which would have triggered her obligation to repay a $741,827 loan; whether AAF's advice was in any event a proximate cause of plaintiff's injury, given that she is alleged to have disregarded it; and whether Schusterman materially breached their arrangement thereby excusing plaintiff's continued performance thereunder. 
Russo was entitled to summary judgment dismissing the complaint and the cross claim of the AAF defendants against her (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). Plaintiff did not oppose Russo's motion and in opposing the motion, the AAF defendants did not directly dispute that Russo's expert had shown, prima facie, that her advice comported with the standard of care, nor did they submit any expert evidence analyzing Russo's actions or argue that expert evidence was not required to rebut Russo's showing on departure from the standard of care (see Cosmetics Plus Group, Ltd. v Traub, 105 AD3d 134, 141 [1st Dept 2013], lv denied 22 NY3d 855 [2013]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023