**Mazzone v Alonso, Andalkar & Facher, P.C.**

2025 NY Slip Op 30147(U)

January 15, 2025

Supreme Court, New York County

Docket Number: Index No. 152735/2019

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-------------------------------------------------------------------------------X

ROSA MAZZONE,

Plaintiff,

- v -

ALONSO, ANDALKAR & FACHER, P.C.,MARK J.
ALONSO, CATANIA T. FACHER, DONNA M. RUSSO,

Defendant.

-------------------------------------------------------------------------------X

ALONSO, ANDALKAR & FACHER, P.C.

Plaintiff,

-against-

DONNA RUSSO

Defendant.
-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152735/2019 |
| **MOTION DATE** | 11/15/2024 |
| **MOTION SEQ. NO.** | 010 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595278/2019

HON. ANDREW BORROK:

The following e-filed documents, elisted by NYSCEF document number (Motion 010) 498, 499, 500, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511

were read on this motion to/for                              PRECLUDE                              .

Upon the foregoing documents and for the reasons set forth on the record (*tr.* 1.14.25), Rosa

Mazzone's motion *in limine* is decided as set forth below.

Reference is made to a Decision and Order of the Appellate Division (the **Appellate Division**

**Decision**; NYSCEF Doc. No. 463), dated March 30, 2023, which provided:

> Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered July
> 27, 2022, awarding plaintiff the total amount of $731,156.19 against defendants Alonso,
> Andalkar & Facher, P.C., Mark J. Alonso, Esq., and Catania T. Facher, Esq. (collectively,
> the AAF defendants), and bringing up for review an order, same court and Justice,
> entered on or about March 9, 2022, which to the extent appealed from as limited by the

**152735/2019   MAZZONE, ROSA vs. ALONSO, ANDALKAR & FACHER,**
  **Motion No.  010**

**Page 1 of 6**

[* 1]

briefs, denied defendant Donna M. Russo's motion for summary judgment dismissing the complaint and AAF defendants' cross claim against her, denied AAF defendant's motion for summary judgment dismissing the complaint as against them, and granted plaintiffs motion for summary judgment as against AAF defendants, unanimously modified, on the law, the judgment vacated, Russo's motion granted and plaintiffs motion for summary judgment against the AAF defendants denied, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint and AAF defendants' cross claim as against Russo. Appeals from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs motion for summary judgment on her legal malpractice cause of action against the AAF defendants should have been denied. Issues of fact exist as to whether, inter alia, AAF's advice regarding solicitation was reasonable under the circumstances and in harmony with *Bessemer Trust Co., N.A.. v Branin* (16 NY3d 549 [2011]); whether plaintiff has shown the requisite injury, given that she faced greater losses had she been fired by RBC, which would have triggered her obligation to repay a $741,827 loan; whether AAF's advice was in any event a proximate cause of plaintiffs injury, given that she is alleged to have disregarded it; and whether Schusterman materially breached their arrangement thereby excusing plaintiffs continued performance thereunder.

Russo was entitled to summary judgment dismissing the complaint and the cross claim of the AAF defendants against her (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). Plaintiff did not oppose Russo's motion and in opposing the motion, the AAF defendants did not directly dispute that Russo's expert had shown, prima facie, that her advice comported with the standard of care, nor did they submit any expert evidence analyzing Russo's actions or argue that expert evidence was not required to rebut Russo's showing on departure from the standard of care (*see Cosmetics Plus Group, Ltd. v Traub*, 105 AD3d 134, 141 [1st Dept 2013), *lv denied* 22 NY3d 855 [2013]).

We have considered the remaining contentions and find them unavailing.

(NYSCEF Doc. No. 463).

Thus, the issues for trial are:

(1) whether, inter alia, AAF's advice regarding solicitation was reasonable under the circumstances and in harmony with *Bessemer Trust Co., N.A.. v Branin* (16 NY3d 549 [2011]);[1]

---

[1] The Court in *Bessmer Trust* held:

that the "implied covenant" bars a seller of "good will" from improperly soliciting his former clients. We conclude that, while a seller may not contact his former clients directly, he may, "in

(2) whether plaintiff has shown the requisite injury, given that she faced greater losses had she been fired by RBC, which would have triggered her obligation to repay a $741,827 loan;

(3) whether AAF's advice was in any event a proximate cause of plaintiff's injury, given that she is alleged to have disregarded it; and

(4) whether Schusterman materially breached their arrangement thereby excusing plaintiffs continued performance thereunder.

### I. Preclusion of evidence that Rosa Mazzone was concerned about being terminated is not appropriate

Ms. Mazzone argues that the defendants should be precluded from introducing evidence that she was going to be terminated from RBC due to having insufficient assets under management and that the defendants should be precluded from preferring expert testimony that she would have been fired if she did not maintain more than a certain level of assets under management (**AUM**).

In their opposition papers, the defendants argue that they were entitled to consider Ms. Mazzone's expressed concerns over potential termination in rendering the advice that they gave. As to this point, they are correct. This relevant background information forms the context in which they rendered the advice they gave and is proper for consideration by the fact finder as to whether such advice was reasonable.

---

response to inquiries" made on a former client's own initiative, answer factual questions. Furthermore, under the circumstances where a client exercising due diligence requests further information, a seller may assist his new employer in the "active development ... [of] a plan" to respond to that client's inquiries. Should that plan result in a meeting with a client, a seller's "largely passive" role at such meeting does not constitute improper solicitation in violation of the "implied covenant." As such, a seller or his new employer may then accept the trade of a former client.

(*Bessemer Trust Co., N.A. v Branin*, 16 NY3d 549, 559-60 [2011], *Mohawk Maintenance Co., Inc. v Kessler*, 52 NY2d 276 [1981], *Von Bremen v MacMonnies*, 200 NY 41 [1910]).

**152735/2019   MAZZONE, ROSA vs. ALONSO, ANDALKAR & FACHER,**                                    **Page 3 of 6**
**Motion No.  010**

However, to the extent that the defendants argue in the papers, that their proffered expert can testify on subjects that are either not within his personal knowledge as a fact witness or that are not proper expert testimony or otherwise outside the scope of his area of expertise, this is not permissible.

In *People v. Wesley*, the Court explained "that expert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has 'gained general acceptance' in its specified field." (83 NY2d 417, 422 [1994] [*citing to Frye v US*, 293 F 1013 [App DC 1923]). Brian Neville is not being offered as a fact witness. He did not work for RBC and he does not purport to have any personal knowledge as to any level of AUM required for continued employment at RBC.

He is being offered as an expert in the securities industry. He does not purport to have relied on any scientific principle or procedure or to have reviewed any studies that could form the basis for an opinion as to required AUM to maintain employment at RBC or whether there is a general industry wide level of required AUM for employment at places like RBC. As such, he can not give an opinion, which at bottom amounts to mere speculation based on his unverifiable anecdotal experience, as to required AUM to maintain employment at RBC or whether Ms. Mazzone was at risk of losing her job based on the level of AUM that she had at RBC.

## II.    Introduction of Extrinsic Evidence for the purpose of modifying the Shusterman Mazzone Agreement is impermissible

Ms. Mazzone correctly argues that the defendants may not introduce extrinsic evidence that predates the Shusterman Mazzone Agreement *for the purpose of modifying* the Agreement of

**152735/2019   MAZZONE, ROSA vs. ALONSO, ANDALKAR & FACHER,**          **Page 4 of 6**
**Motion No.  010**

[* 4]

Schusterman/Mazzone Group (the **Shusterman Mazzone Agreement**; NYSCEF Doc. No. 126), dated April 20, 2017. However, she is not correct that introduction of the extrinsic evidence for all other purposes is not appropriate. As the Appellate Division held, the issues for trial include whether AAF's advice was reasonable under the circumstances and in accordance with *Bessemer Trust*. Depending on the advice at issue and when such advice was rendered, extrinsic evidence may well be relevant to the fact finder's consideration of the reasonableness of the advice and thus can not be summarily precluded at this stage on a motion *in limine*. This requires individual consideration at trial by the Court as to whether consideration by the fact finder is appropriate.

### III. Preclusion of testimony as to how FINRA Arbitrations work generally is not appropriate

Ms. Mazzone argues that the defendants should be precluded from having an expert offer an opinion that FINRA panels generally split decisions and otherwise explain the FINRA panel's decision that was actually rendered in the Shusterman/Mazonne matter.

In their opposition papers, the defendants argue that expert testimony regarding FINRA panels and industry practice provides appropriate context to the fact finder in understanding whether the advice the defendants gave Ms. Mazzone under the circumstances was reasonable. As to this point, they are correct.

However, the plaintiffs are correct that the defendant's expert can not speculate as to why the FINRA panel issued the decision in the Schusterman/Mazzone matter that it issued. The decision speaks for itself and speculation as to the basis for the decision is inappropriate for expert testimony.

**152735/2019   MAZZONE, ROSA vs. ALONSO, ANDALKAR & FACHER,**                    **Page 5 of 6**
  Motion No.  010

5 of 6

[* 6]

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby ORDERED that the motion *in limine* is GRANTED to the extent set forth in this Decision and Order.

20250115123153AD0RR0K090057A413EC42B987F06FE73282BC14

_____
**1/15/2025**
**DATE**

_____
**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152735/2019   MAZZONE, ROSA vs. ALONSO, ANDALKAR & FACHER,**
**Motion No.  010**

Page 6 of 6

6 of 6