Howlader v Aranow Law, P.C. (2025 NY Slip Op 05505)

Howlader v Aranow Law, P.C.

2025 NY Slip Op 05505

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-05228
 (Index No. 611476/21)

[*1]Mohammed Howlader, et al., appellants, 
v
Aranow Law, P.C., et al., respondents.

Law Offices of Joel J. Ziegler, PLLC, Smithtown, NY, for appellants.
Melito & Adolfsen, P.C., New York, NY (John H. Somoza and Louis G. Adolfsen of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Gary M. Carlton, J.), entered February 6, 2024. The order denied the plaintiffs' motion for summary judgment on the issue of liability and granted the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In this legal malpractice action, the plaintiffs alleged that the defendants failed to properly counsel the plaintiffs on pre-bankruptcy planning. The plaintiffs asserted that, as a consequence of the defendants' negligence, a bankruptcy trustee challenged the plaintiffs' claimed homestead exemption under section 282 of the Debtor and Creditor Law, resulting in the plaintiffs entering into a court-approved stipulation of settlement with the bankruptcy trustee at a cost of $130,000. The plaintiffs moved for summary judgment on the issue of liability, and the defendants cross-moved for summary judgment dismissing the complaint. In an order entered February 6, 2024, the Supreme Court denied the plaintiffs' motion and granted the defendants' cross-motion. The plaintiffs appeal.
"A plaintiff seeking to recover damages for legal malpractice must establish that (1) the [defendant] attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and (2) the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (McGlynn v Burns & Harris, Esq., 223 AD3d 733, 734-735 [internal quotation marks omitted]; see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442). "A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing prima facie that he or she did not fail to exercise such skill and knowledge, or that the claimed departure did not proximately cause the plaintiff to sustain damages" (Casey v Exum, 219 AD3d 456, 457 [internal quotation marks omitted]; see Provenzano v Cellino & Barnes, P.C., 207 AD3d 763, 764). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; see Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 830).
Here, the Supreme Court properly determined that the defendants established, prima facie, that the plaintiffs would be unable to prove the element of causation (see 11 USC §§ 522[o]; 548[a][1][A]; Debtor and Creditor Law § 282[i]; see generally Valley Ventures, LLC v Joseph J. Haspel, PLLC, 102 AD3d 955, 956). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' cross-motion for summary judgment dismissing the complaint and properly denied the plaintiffs' motion for summary judgment on the issue of liability.
In light of our determination, the plaintiffs' remaining contention need not be reached.
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court